IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| US TAX RECOVERY PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. SA-19-CV-938-XR |
| SOUTHERN BAKERIES, LLC, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS AND PETITION FOR ATTORNEYS' FEES

Defendant, Southern Bakeries, LLC ("Bakeries"), by counsel, pursuant to the federal doctrine of *forum non conveniens*, respectfully requests that the Court dismiss all counts against it in Plaintiff's US Tax Recovery Partners, LLC's First Amended Complaint ("Federal Complaint"), filed by Plaintiff, US Tax Recovery Partners, LLC ("Partners" or "Plaintiff"). Additionally, Defendant also respectfully petitions the Court, pursuant to Rule 41(d)(1) of the Federal Rules of Civil Procedure, to award costs and attorneys' fees to Defendant.

## INTRODUCTION

Plaintiff has improperly filed suit in federal court instead of state court in Kerr County, Texas, where venue is proper. All of Plaintiff's claims in its Federal Complaint relate to services memorialized in an agreement between the parties marked as Exhibit "A." ("Contract"). (Dkt. 7-1). The Contract has a forum-selection clause, which unequivocally states that exclusive venue for any action lies in state court in Kerr County, Texas. (Dkt. 7-1 at ¶7). Plaintiff's Federal Complaint ignores the exclusive venue provision and instead alleges – in conclusory fashion – that venue is proper based on 28 U.S.C. § 1391(b)(2). (Dkt. 7 at 4). This, despite the fact that Plaintiff has

previously argued the polar opposite – that the venue provision requires litigation in state court. And this Court agreed, calling the venue provision "clear." *See HJH Consulting Group Inc. d/b/a The Salt Group v. National Steak Processors, Inc.*, 2015 WL 8335233, *2 (W.D. Texas, December 8, 2015). The Fifth Circuit Court of Appeals has held that a valid forum-selection clause such as the one in the Contract requires *forum non conveniens* dismissal absent unusual circumstances. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62-5 & n. 8. (2013)).

Plaintiff's decision to file suit in federal court is even more confusing given that Plaintiff previously filed – and then dismissed – the same lawsuit in state court (where venue was proper). Plaintiff's strategy and motivations are unclear, but pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, Plaintiff should be ordered to pay Defendant's costs and attorneys' fees for the previously filed complaint in state court.

## I. BACKGROUND

The facts supporting this motion to dismiss based on the federal doctrine of *forum non conveniens* are uncomplicated. Bakeries and Partners entered into a Comprehensive Service Agreement on March 22, 2017. (Dkt. 7 at 7). The Contract includes the following forum-selection provision in paragraph seven (the "Forum Selection Provision"): "These parties agree venue for any action relating to this agreement shall be in state court in Kerr County, Texas, and Texas law shall govern." (Dkt. 7-1 at ¶7). Despite the clarity of the Forum Selection Provision, on August 16, 2019, Partners filed its Federal Complaint against Bakeries in this Court.

The facts underlying the petition for cost and attorneys' fees pursuant to Rule 41(d) are equally straightforward. On June 26, 2019, Partners filed Plaintiff's Original Petition in state court

in Kerr County, Texas. ("State Complaint").[1] (*US Tax Recovery Partners, LLC v. Southern Bakeries, LLC*, No. 19523B (Kerr County, Tex. filed June 26, 2019)). Partners abruptly dismissed that suit via Partners' Notice of Nonsuit Without Prejudice of the State Complaint, but not before Bakeries accrued attorneys' fees and costs in defending the State Complaint and starting to respond to discovery requests served by Partners with the State Complaint.[2] (*US Tax Recovery Partners, LLC v. Southern Bakeries, LLC*, No. 19523B (Bexar County, Tex. filed September 2, 2019) (order granting of nonsuit without prejudice)). Except for jurisdictional allegations, the State Complaint and Federal Complaint are virtually identical.

## II. LEGAL STANDARD

"The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Barnett*, 831 F.3d at 300 (quoting *Atlantic Marine*, 571 U.S. at 60-1.

Where a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, Federal Rule of Civil Procedure 41(d) permits a court to order such plaintiff to pay all or part of the costs of the previous action, and to stay the proceedings until the plaintiff has complied. Fed. R. Civ. P. 41(d). The award of costs under Rule 41(d) is at the Court's discretion. *Sammons v. Economou*, No. SA-18CA-194-FB(HJB), 2018 WL 7351695 at *3 (W.D. Tex. Oct. 8, 2018). Attorneys' fee awards are permitted under Rule 41(d) only if the underlying statute defines "costs" to include attorneys' fees. *Portillo v. Cunningham*, 872 F.3d. 728, 738 (5th Cir. 2017).

---

[1] The State Complaint is attached as ***Exhibit 1***. Defendant asks that the Court take judicial notice of the state court filings.
[2] The Notice of Nonsuit Without Prejudice is attached as ***Exhibit 2***.

### III. LEGAL ARGUMENT

**A.      The Forum Selection Provision Should Be Enforced And This Action Dismissed.**

Forum selection clauses are "*prima facie* valid and should be enforced unless enforcement

is shown by the resisting party to be unreasonable under the circumstances." *M/S Breman v. Zapata*

*Off-Shore Co.*, 407 U.S. 1, 10 (1972). Unreasonableness requires a showing that:

> (1) The incorporation of the forum selection clause into the agreement was the
> product of fraud or overreaching; (2) the party seeking to escape enforcement "will
> for all practical purposes be deprived of his day in court" because of the grave
> inconvenience or unfairness of the selected forum; (3) the fundamental unfairness
> of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the
> forum selection clause would contravene a strong public policy of the forum state.

831 F.3d at 304. Partners cannot surmount the high bar of demonstrating that the venue provision

is unreasonable.

First, both Bakeries and Partners are sophisticated companies, and Partners does not allege

that the Contract was procured by fraud. Second, there is nothing in the record or the Federal

Complaint that suggests that Partners cannot have their day in court, albeit state court.

Additionally, the fact that the Contract is Partners' form and that Partners' principal place of

business is in Kerr County also suggests that there would not be any grave inconvenience or

unfairness to Partners litigating in Kerr County. (Dkt. 7 at ¶1). Third, Texas law supplies the

substantive law and remedies to Plaintiff regardless of whether claims are pursued in state or

federal court. Indeed, the remedy that Partners seeks in the Federal Complaint and the State

Complaint is identical. (See Dkt. 7 at "X.Prayer"; US Tax Recovery Partners, LLC v. Southern

Bakeries, LLC, No. 19523B at "X.Prayer" (Kerr County, Tex. filed June 26, 2019)). Fourth, there

is nothing to suggest that the Forum Selection Provision is unreasonable or against Texas public

policy. Consequently, the Forum Selection Provision is not unreasonable, meaning it is

enforceable.

After a court establishes that a forum-selection clause is enforceable, then an abridged version of the *forum non conveniens* analysis is applied. *See Barnett*, 831 F.3d at 300. Usually a court applying the *forum non conveniens* doctrine must determine whether there is an adequate forum and if so, decide which forum is best-suited for the litigation by considering a variety of private and public-interest factors, while giving deference to the plaintiff's choice of forum. *Id*. However, the presence of a valid forum-selection clause simplifies this analysis in two ways. "First, the plaintiff's choice of forum merits no weight" because by contracting for a specific forum, as Bakeries and Partners did here, the parties "have effectively exercised its venue privilege before a dispute arises." *Id*. (quoting *Atlantic Marine*, 571 U.S. at 63). Second, the private-interest factors weigh entirely in favor of the preselected forum, so that the district may consider arguments about public-interest factors only. *Barnett*, 831 F.3d at 300. Hence, when an enforceable forum-selection clause exists, only the public-interest factors are analyzed in a *forum non conveniens* inquiry in all but the most unusual cases. *Id*.

Here, there is nothing unusual or complicated about the Forum Selection Provision, or the causes of action in the Federal Complaint. This is a standard breach of contract case. (Dkt. 7 at "VI.Causes of Action"). Moreover, Partners previously filed the State Complaint pursuant to the Contract's Forum Selection Provision in Texas state court, and state court remains an available forum. Hence, only the public-interest factors of the *forum non conveniens* analysis need to be considered.

The public-interest factors considered are:

(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws in the application of foreign law; and (5) the unfairness of burdening citizens with jury duty.

5

*Weber v. PACT VPP Technologies, AG*, 811 F.3d 758, 776 (5th Cir. 2016). The party defying the

forum-selection clause, here Partners, bears the burden of showing that the public-interest factors

favor keeping this matter in federal court despite the existence of an enforceable forum-selection

clause. *See Atlantic Marine*, 571 U.S. at 62-5 & n. 8. Cases in which the public-interest factors are

sufficiently strong to outweigh a valid forum-selection are uncommon. *Weber*, 811 F.3d at 767.

Partners cannot meet its high burden. The first factor is at best neutral if not in favor of

Bakeries, since Partners was already litigating this action in state court. The second factor favors

Bakeries as well. There is no reason why a federal court has a greater interest in this litigation than

a Kerr County court, where Partners' principal place of business is located.  (Dkt. 7 at 1). The

third, fourth and fifth factors do not favor Partners either. Texas contract law governs, whether the

case is litigated in state or federal court, and Partners has not demanded a jury trial.

Plaintiff itself is well aware that the Forum Selection Provision requires litigation to be

commenced in state court in Kerr County. In 2015, Plaintiff (operating under an affiliate's name)[3]

filed suit in the County Court at Law in Kerr County alleging similar claims against a different

Defendant. *HJH Consulting*, 2015 WL 8335233 at *1. The Defendant removed the case, and

Plaintiff immediately sought remand, arguing that the identical venue provision that is present in

the Contract constituted a waiver by the parties of the right to litigate in federal court. *Id.* at *1-2.

This Court agreed, holding:

> The language of the forum-selection clause is clear – "venue for *any* action relating
> to this agreement *shall be in state court* in Kerr County, Texas, and Texas law shall
> govern." The specific inclusion of "state court" leaves no doubt that the parties
> intended to confine the litigation to state courts …."

*Id.* at *2 (emphasis in original).

---

[3] Plaintiff issued a press release following its recent bankruptcy filing indicating that Partners is part of the HJH
Consulting group of affiliated entities. That press release is attached as ***Exhibit 3***.

Here, Partners alleges just the opposite of its position in 2015. Partners claims in the Federal Complaint that venue is proper in federal court pursuant to 28 U.S.C. § 1391(b)(2), despite the Forum Selection Provision stating litigation "shall be in state court in Kerr County, Texas." As this Court previously held, this language constitutes a "clear" waiver by the parties of the right to litigate in federal court. The Court should dismiss all claims pursuant to *forum non conveniens*.

**B.     Bakeries Should Be Awarded Its Costs And Attorney's Fees For Expenses Of The Previous Action.**

Partners' filing history in state and federal court is the type of forum shopping and vexatious litigation that Federal Rule of Civil Procedure 41(d) aims to prevent. *Sammons*, 2018 WL 7351695 at *2 (analyzing Fed. R. Civ. P. 41(d)). On June 26, 2019, Partners filed the State Complaint in state court in Kerr County, Texas. (*See US Tax Recovery Partners, LLC v. Southern Bakeries, LLC*, No. 19523B (Kerr County, Tex. filed June 26, 2019)). Then about two months later, Partners dismissed via a Notice of Nonsuit Without Prejudice of the State Complaint. (*US Tax Recovery Partners, LLC v. Southern Bakeries, LLC*, No. 19523B (Kerr County, Tex. filed September 2, 2019) (order granting of nonsuit without prejudice)).  Just over two weeks later, Partners initiated this action in this Court with practically an identical complaint as previously filed and dismissed in state court. *See* Dkt. 7.

Courts construing Rule 41(d) have identified the following factors in determining whether cost shifting is warranted: (1) the similarity of claims; (2) showing of good faith or reason for the dismissal of the prior action; (3) and if the underlying statute defines "costs" to include attorney fees. *See generally Sammons*, 2018 WL 7351695 at *2; *Portillo*, 872 F.3d at 738.

With respect to the first factor, the State Complaint and the Federal Complaint are practically identical, except for jurisdictional allegations. Second, Partners has made no showing of good faith or provided a reason for the abrupt dismissal of the State Complaint so that it could

file the same case in federal court (in contravention of the Forum Selection Provision). Third,

Partners concedes that Texas Civil Practice and Remedies Code § 38.001 *et seq.* provides for the

recovery of attorneys' fees. (Dkt. 7 at 21). Since all of the factors weigh against Partners, Bakeries

respectfully requests that the Court require Partners to "pay all or part of the costs [including

attorneys' fees] of the previous action" and set a hearing to determine the appropriate amount. Fed.

R. Civ. P. 41(d)(1).

## IV. CONCLUSION

Bakeries respectfully requests that this action be dismissed and that this Court retain

jurisdiction only to award Bakeries its costs and attorneys' fees for litigating the previous state

court claim and responding to the present lawsuit.

Respectfully submitted,

*/s/ Richard L. Ellison*
SBOT #: 06580700

ATTORNEY FOR DEFENDANT
SOUTHERN BAKERIES, LLC

Richard L. Ellison, P.C.
500 Main St. Suite J
Kerrville, Texas 78028
Tel. 830-792-5601
Fax. 830-792-5602
rellison@richardellisonlaw.com

### CERTIFICATE OF SERVICE

I certify that on October 15, 2019 I filed this document with the District Clerk via the ECF
system, and the Clerk will electronically forward it to opposing counsel:

Tiffanie S. Clauswitz
Rosenblatt Law Firm
17731 Huebner Rd. 78248
Tel. 210-562-2900
Fax. 210-562-2920

*/s/ Richard L. Ellison*