IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| US TAX RECOVERY PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00938-JKP |
| | § | |
| SOUTHERN BAKERIES, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL

NOW COMES Plaintiff **US Tax Recovery Partners, LLC** and asks this Court to dismiss its suit against Defendant **Southern Bakeries, LLC**, as authorized by Federal Rules of Civil Procedure 41(a)(2).  Fed. R. Civ. P. 41(a)(2).

## I.
### INTRODUCTION

1.      Plaintiff US Tax Recovery Partners, LLC ("USTRP") is a Texas corporation with its principal office in Kerr County, Texas.  Each of US Tax Recovery Partners, LLC's shareholder members is a citizen of Texas.  Defendant Southern Bakeries, LLC ("Southern Bakeries") is an Indiana limited liability company with its principal office in Avon, Indiana.

2.      On August 5, 2019, Plaintiff sued defendant for breach of contract and, in the alternative, quantum meruit.

## II.
### ARGUMENT

3.      A court should freely grant a motion for voluntary dismissal as long as the non-movant will not be prejudiced.  *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (citing Fed. R. Civ. P. 41(a)(2)).

4.      Plaintiff now seeks a dismissal because the claims are properly brought in state court pursuant to forum-selection clause in the contract in dispute.  *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016).

5.      Plaintiff diligently moved for dismissal as soon as it became apparent that dismissal was necessary.

6.      Defendant will not be prejudiced by the dismissal.  *See In re Legal Xtranet, Inc.*, BR 11-51042-LMC, 2011 WL 3652756, at *9 (Bankr. W.D. Tex. Aug. 19, 2011) (citing *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 198–99 (5th Cir. 1991)).

7.      Plaintiff requests this dismissal be without prejudice to refiling the suit in state court because there is no evidence of bad faith or attempt to avoid an adverse ruling.  *See Yesh Music v. Lakewood Church*, 4:11-CV-03095, 2012 WL 2500099, at *3 (S.D. Tex. June 27, 2012), *aff'd*, 727 F.3d 356 (5th Cir. 2013); *see also Amazing Spaces, Inc. v. Metro Mini Storage*, CIV.A. H-08-0629, 2011 WL 22882, at *3 (S.D. Tex. Jan. 4, 2011) (defining exceptional cases as those that can be called "malicious," "fraudulent," "deliberate," or "willful"); *Helj v. GAF Corp.*, CIV. A. 3:96CV2886G, 1997 WL 419525, at *2 (N.D. Tex. July 9, 1997) (explaining a motion should be denied when plaintiff seeking to "circumvent an expected adverse result").

8.      Defendant has not filed a counterclaim.

### III.
### CONCLUSION

9.      For these reasons, Plaintiff asks this Honorable Court to dismiss the suit without prejudice to filing the same in state court.

Respectfully submitted,

**ROSENBLATT LAW FIRM**
16731 Huebner Road
San Antonio, Texas 78248
Telephone: (210) 562-2900
Facsimile:   (210) 562-2929


By: _/s/ Nicholas J. Tamsma_
   James D. Rosenblatt
   State Bar No. 00788320
   james@rosenblattlawfirm.com
   Nicholas J. Tamsma
   State Bar No. 24093239
   nick@rosenblattlawfirm.com


ATTORNEYS FOR PLAINTIFF US TAX RECOVERY PARTNERS, LLC


## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, the forgoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorneys of record via the CM/ECF system and/or via electronic mail to:


Richard L. Ellison, P.C.
500 Main Street, Suite J
Kerrville, Texas 78028
rellison@richardellisonlaw.com

_/s/ Nicholas J. Tamsma_