IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| US TAX RECOVERY PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. SA-19-CV-938-XR |
| SOUTHERN BAKERIES, LLC, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S OBJECTION TO
## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Defendant, Southern Bakeries, LLC ("Bakeries"), by counsel, pursuant to Rule 41(a) and 41(d)(1) of the Federal Rules of Civil Procedure, respectfully objects to the Motion for Voluntary Dismissal filed by Plaintiff, US Tax Recovery Partners, LLC ("Plaintiff"), and states as follows:

1. On August 16, 2019, Plaintiff filed its First Amended Complaint [Doc. 7] in this Court asserting a breach of contract and quantum meruit claim against Bakeries based on the alleged non-payment of amounts due under a Comprehensive Service Agreement executed between the parties.

2. On October 21, 2019, Bakeries filed a motion to dismiss and supporting brief [Doc. 15] seeking dismissal of the case because the Comprehensive Service Agreement clearly requires litigation to be commenced in state court in Kerr County, Texas. Bakeries also requested an award of costs and attorneys' fees pursuant to Fed.R.Civ.P. 41(d)(1) because the complaint filed in this Court was virtually identical to a case filed, and then dismissed, in state court just a couple months earlier.

3.        Plaintiff has not responded to Bakeries' motion to dismiss and request for fees. Instead, Plaintiff filed a Motion for Voluntary Dismissal in which it contends that the Court should permit the dismissal of this action without prejudice so that it may refile the claim in state court yet again.

4.        Plaintiff's Motion for Voluntary Dismissal should be denied because it would be unfair and unjust to permit Plaintiff to dismiss this case without prejudice so that Plaintiff can sue Bakeries a third time on the same claims. By seeking to invoke Fed.R.Civ.P. 41(a)(2) rather than 41(a)(1), Plaintiff is apparently seeking to sidestep the "two dismissal rule" so that it can continue its serial efforts to litigate claims against Bakeries. *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, 575 F. App'x 216, 218 (5th Cir. 2014) (stating that the adjudication on the merits requirement for a twice-dismissed claim is intended to "prevent unreasonable abuse and harassment"). Dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is reserved for dismissals "after a defendant files an answer or a motion for summary judgment," neither of which has occurred here. *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (emphasis added).

5.        A request to dismiss pursuant to Rule 41(a)(2) "gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.' Here the court has an express judicial function to perform. All of the concepts and processes of judicial determination are brought into play." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963) (citing Fed.R.Civ.P. 41(a)(2)).

6.        As set forth in Bakeries' prior brief in support of its Motion to Dismiss [Doc. 15], Plaintiff has already brought this same claim in state court, served discovery, and then voluntarily dismissed the case. Then Plaintiff initiated suit in this Court despite a forum selection clause that the Plaintiff had previously argued to this Court, and the Court held, was "clear" and did not permit

suit in federal court. *See HJh Consulting Group Inc. d/b/a The Salt Group v. National Steak Processors, Inc.*, 2015 WL 8335233, *2 (W.D. Texas, December 8, 2015). In the process of alleging federal jurisdiction in this case, Plaintiff made representations to this Court that it knew were false and contrary to the very arguments made to this same Court just a few years earlier.[1] Now Plaintiff seeks permission to dismiss with prejudice so that it can return to state court a second time and file a third identical lawsuit against Bakeries.

7. Plaintiff should not be permitted to so easily escape its misrepresentations and procedural errors. Given the facts of this case – Plaintiffs' inconsistent pleadings filed in this Court, its failure to follow this Court's precedent that Plaintiff itself urged, and its stated desire to file a third lawsuit for the same conduct – the Court should exercise its discretion to dismiss this action with prejudice. Plaintiff's procedural maneuvering has cost Bakeries substantial attorneys' fees in moving to dismiss in this Court, all of which Plaintiff wishes to simply erase with a "mea culpa" Rule 41(a)(2) dismissal motion.

8. Moreover, Plaintiff's Motion for Voluntary Dismissal overlooks that Bakeries has a pending claim for attorneys' fees and costs pursuant to Fed.R.Civ.P. 41(d)(1) based on Plaintiff filing the same claim in this Court that it previously dismissed in state court. While Plaintiff avers that Bakeries "has not filed a counterclaim" and will suffer no prejudice by the dismissal, Bakeries has a claim for relief pending before this Court that cannot simply be mooted by a voluntary dismissal.

9. Plaintiff's multiple lawsuits and dismissals have created a procedural quandary and caused Bakeries to incur significant legal costs that it cannot simply wipe clean with yet another voluntary dismissal. Bakeries respectfully requests that the Court exercise its discretion to award

---

[1] Bakeries further elaborates on the litigation history of the cases, Plaintiff's prior position, and the *HJH Consulting* decision in its previous motion to dismiss brief, and Bakeries incorporates that analysis here. *See* Doc. 15.

Bakeries its costs and attorneys' fees for both the first state Court action pursuant to Fed.R.Civ.P. 41(d) and for the cost of defending against this action that even Plaintiff concedes should never have been brought. *See* Motion for Voluntary Dismissal, ¶ 4 ("Plaintiff now seeks dismissal because the claims are properly brought in state court pursuant to the forum-selection clause in the contract in dispute."). Further, Bakeries respectfully requests that the Court exercise its discretion, under the unique facts of this case, and dismiss this case "with prejudice" pursuant to Fed.R.Civ.P. 41(a)(2).

> Respectfully submitted,
>
> Richard L. Ellison, P.C.
>
> */s/ Richard L. Ellison*
> 500 Main Street Suite J
> Kerrville, Texas 78028
> State Bar No. 06580700
> Telephone: 830.792.5601
> Facsimile:  830.792.5602
> rellison@richardellisonlaw.com
>
> ATTORNEY FOR DEFENDANT
> SOUTHERN BAKERIES, LLC

## CERTIFICATE OF SERVICE

I certify that on October 31, 2019 I filed this document with the District Clerk via the ECF filing system, and the Clerk will forward same to Plaintiff's counsel.

*Richard L. Ellison*

3744117_1